UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE POLANCO DIAZ,<br><br>            Plaintiff,<br><br>      v.<br><br>B. WHEELER, et al.,<br><br>            Defendants. | 2:25-cv-0384-CKD P<br><br><br>ORDER |

Plaintiff Felipe Diaz, a state prisoner, proceeds without counsel and requests to proceed in forma pauperis. This matter was referred to the undersigned by Local Rule 302. <u>See</u> 28 U.S.C. § 636(b)(1). The complaint states an Eighth Amendment excessive force claim against defendant Witcher and no other claims. Plaintiff must choose how to proceed and notify the court.

**I.      In Forma Pauperis**

Plaintiff's declaration in support of the motion to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a). The motion is granted. By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III. Plaintiff's Allegations

Plaintiff's complaint alleges that on May 21, 2024, at High Desert State Prison ("HDSP"), defendant Witcher, a Nurse, saw plaintiff on the floor and used a broom to hit plaintiff in the face, causing his left eye to become red and swollen shut. (ECF No. 1 at 4-7.) Defendant Wheeler is alleged to be an Associate Warden at HDSP and defendant Rueter is alleged to be the CEO of Medical Prison Services at HDSP. (Id. at 2.)

## IV. Discussion

Liberally construing the complaint, plaintiff's allegations against defendant Witcher state an Eighth Amendment excessive force claim. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) ("In order to establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline."). The complaint does not state a claim against defendant Wheeler or defendant Rueter because plaintiff does not allege specific facts demonstrating their personal involvement in the incident.

There must be an actual connection or link between the actions of each defendant and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). Plaintiff's allegations do not demonstrate that defendants Wheeler or Reuter personally participated in the deprivation of plaintiff's rights. See Simmons v. Navajo County, 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). These defendants cannot be held liable solely because of holding supervisory position at the prison. See Rodriguez v. County of Los Angeles, 891 F.3d 776, 798 (9th Cir. 2018) (a supervisor may be liable in his individual capacity

for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others).

### V.     Leave to Amend

Plaintiff states an Eighth Amendment excessive force claim against defendant Witcher. No other claims are stated. Plaintiff may proceed on the complaint as screened or may file an amended complaint. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff chooses to proceed on the complaint as screened, the court will construe this as a request to voluntarily dismiss the other claims and defendants pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure. The court will then order service of the complaint on defendant Witcher.

Plaintiff must complete and return to the court the attached notice along with an amended complaint if opting to amend. Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Any amended complaint should be titled "First Amended Complaint" and reference the case number. This opportunity to amend is not for the purposes of adding new and unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff's complaint states an excessive force claim against defendant Witcher; plaintiff may proceed on the claim against Witcher or file an amended complaint.
3. Within thirty (30) days of the date of this order, plaintiff shall complete and return the attached Notice of Election form along with any optional amended complaint.
4. Failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated: July 1, 2025

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, diaz0384.scrn.elect

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE POLANCO DIAZ,<br><br>    Plaintiff,<br><br>  v.<br><br>B. WHEELER, et al.,<br><br>    Defendants | 2:25-cv-0384-CKD P<br><br><br>NOTICE OF ELECTION |

Check **one**:

\_\_\_\_\_ Plaintiff wants to proceed on the complaint as screened with the excessive force claim against defendant Witcher. Plaintiff understands that by choosing to proceed on this claim, the court will construe the choice as a request to voluntarily dismiss the other claims and defendants pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____          _____
                                  Plaintiff

4